The opinion of the Court was delivered by

Mr. Justice Colcock.

The 9th section of the act of assembly of 1740, directs that the “ magistrate shall commit any slave charged with the commission of any crime, and shall without delay, by warrant under his hand and seal, call to his assistance and request any one of the nearest justices of the peace to associate with him, and shall by the same warrant, sumirton such a number of the neighboring freeholders to assemble and meet together with *311 such justices,” &c. This clause relates to offences of the higher grades. The next section relates to misdemeanors, and says that a slave so charged shall he proceeded against and' tried for such offence in the manner herein before directed; but by one magistrate and two freeholders of the county. Now it appears from the proceedings of the magistrate himself that the person who set in the court had not been summoned according to the provisions of the act. The case was then coram non judice. There was no jurisdiction in this court. In fact it was not a court, it was an assembly of unauthorized individuals, and the case comes within the principle decided in the case of the State, vs. Hudnal et. al. 2 Nott & M'Cord, p. 419: and it further appears thalJohn N. Carpenter was not of the county, and therefore not qualified to sit on the trial.
Levy, and Ml Willie,' for motions.
JpCayrant, contra.
It was suggested however, that as the court had passed sentence and the sentence was in part executed, the prohibition could not issue, for there was nothing to prohibit. This would be a most unfortunate state of things, for in most cases these inferior tribunals proceed, with such expedition that it is impossible to stay their progress before they give judgment and pronounce sentence. The proceeding by prohibition is intended to restrain these subordinate jurisdictions within their prescribed limits and to punish them when they exceed them; besides which, when their proceedings are declared to be illegal and-void, they are not only amenable to the court but also to the party injured. 5 Bacon, p. 648, 661; title prohibition. The motion is therefore granted, and it is ordered that a prohibition do issue.
Colcoch, Johnson, Hyger, Richardson, and Gantt, Justices* concurred.